All right, we've got everybody here. Good afternoon. My name is a really chance. We are my colleagues, just as Michael, and just as Mary on carbon. We're in the 1st division of the 1st district of the honor appellate court. I'm going to ask you to do the same thing, because this case involves a sensitive issue. And I prefer that we not uses running. So I'll give you a minute to make marks on your notes that you want. Just so that we don't get into trouble. Of course, we're not going to the chat so that goes without saying. All right, everybody ready. Attorney for the defendant please introduce. Yes, my name is Phil pain from the state appellate defender on here on behalf of the defendant. Miss Billings people missed his turn. Yes, Leslie Billings on behalf of the people of the state of Illinois. Okay, please remember that we've read the briefs, we've read the cases cited, we've read the record. So, our advice to counsel is always start with your best point, the thing that you think is the best one you can win on and move down from there. Everybody has about 1015 minutes, and we'll try to keep to a schedule. Okay. Thank you. Good afternoon, Your Honors Council, and may it please the court. My name is Phil pain from the state appellate defender, I'm here on behalf of the defendant, who appeals the second stage dismissal of his post conviction petition. I want to apologize at the outset for the frog in my throat. If you have any difficulty hearing me, let me know. The right to counsel that attaches at the second stage of post conviction proceedings, while limited in scope serves the critical function of taking the pro se petition warts and all deficiencies and all and shaping that document into appropriate legal form. So what do you see here in the petition, Your Honor. Yeah, because she didn't. Council didn't do anything with the petition so what other deficiencies in there that you. Yes, Your Honor. I believe that there are certain claims made by the defendant in this case, that concern or attack counts that he was not convicted of that the state nolly crossed pursuant to the guilty plea. With respect to those claims, those claims lack arguable merit because they cannot conceivably afford him any relief with respect to the claim that has possible merit, but when unsubstantiated. Was the claim that trial or plea counsel, pardon me, bullied the defendant into taking the plea and refused to investigate certain electronically documented materials from his cell phone that could have undermined or vitiate. The necessary element of force to the account that he pled guilty to the petitioner did not attach those texts or emails or phone logs to his petition. And that's understandable. He was in prison, but the council that was appointed to represent him also didn't appear to do very much at all in service of that claim in trying to shore it up and present it into appropriate legal form. Council represented that she asked the defendant whether he had those documents and he didn't produce them predictably. There's no evidence that she engaged in any effort other than that to pursue those documents. Or to explain why she couldn't get them. Correct, Your Honor. She didn't explain what steps she might have took. We don't know from this records whether she took any step other than asking the defendant whether he could provide them to her himself. Mr. Payne, how would that have helped him if, in fact, the age, how would that have possibly enhanced his position? I mean, I think the state argues that it wasn't a viable defense because mistake of age, obviously, it's not going to help him out much. Yes, Your Honor. There were two separate claims made in the pro se petition. One of the meritless, unarguably meritless positions was that plea council didn't advance a mistake of age defense. Okay, so you're not arguing that that's is limited solely to the force part of this? Right, because he was facing two counts of aggravated criminal sexual assault. All the other counts were to lesser offenses, still serious felonies, but nonetheless, lesser offenses than the aggravated. But isn't age a part of the force one? I mean, if she's underage, doesn't it matter? I think that the matter of age can certainly speak to an argument made at trial as to whether the defendant may have used force. But his whole point in his pro se petition is that with respect to the claim of a failure to investigate those texts, emails and phone logs is that these two were in an amorous relationship. And I am not suggesting that means consent, that there's no way she could consent as long as she was 14. But if they were engaged in what you might call, I don't know, willing. It's still a crime, isn't it? Absolutely, Your Honor. It's still a crime. How does that help him? So if he had taken this matter to trial and defeated the counts of aggravated criminal sexual assault, he still very well may have and nearly certainly would have faced criminal liability for the lesser counts. But obviously, he's facing, in that case, a class one, class two conviction rather than the class X conviction to which he pled guilty. You're saying that the force is an added element. Yes, Your Honor. I'm not suggesting that the age doesn't matter. It's just that the force, it could have applied to an element and he would have been found guilty of a different offense. Absolutely. I got it. Thank you. This is what this is for. Thank you, Your Honor. So, but for the system, in second stage proceedings to work, counsel does have to do something. And as Justice Hyman just pointed out, we have very little to go on here. The counsel did anything. First, let's give credit where credit is due. Counsel below did file a Rule 651C certificate, but that certificate was invalid on its face, specifically with respect to the third and final requirement of Rule 651C. That rule requires counsel to make any amendments necessary for an adequate presentation of the petitioner's claims. That's not my language. That's the language of the rule. Here, counsel's certificate does not contain that language or any language approaching it. Instead, counsel's certificate states that she did not file an amended petition because, quote, the pro se petition sets forth the petitioner's claims of a violation of due process rights and constitutional rights. That set forth language that counsel used in her certificate comes not from any appropriate second stage standard, but from the lower standard that governs first stage summary dismissal. There's without a doubt a difference between those two standards. And counsel cannot discharge her duty under Rule 651C by merely attesting that the pro se petition was good enough for first stage. Since the certificate filed in this case was facially invalid, it gave rise to no presumption of compliance with the rule. And nor does the record otherwise indicate that counsel made any reasoned professional judgment as to whether the pro se petition required amendments. In fact, the rest of the record demonstrates the near non-existent effort that counsel made to advance the defendant's claims. But she seems to be relying a lot on the fact that he didn't do anything. He's incarcerated. What can he do to help? And he would need her to do something. And it looks like she says that on the morning of the hearing is when she prepared the certificate. On the morning of the motion to dismiss? Motion to dismiss. Well, actually, I don't believe that's right, Your Honor. I believe that she filed. She said on October 29, 2021, post-convention counsel stated, I haven't received anything to support some of the claims my defendant had in his petition. So I did file a 651C this morning. And I guess the motion to dismiss was in February. So that could clarify. Right. But in point of fact, I think even that timeline is off because I think because the record demonstrates the time stamp demonstrates she filed her 651C certificate on September 9th of 2021. That's when the certificate, the only certificate in this record appears and when she filed it. Fast forward until the date you just cited, Justice, October 29th, 2021. She says, you know, I spoke to the defendant and he hasn't sent me anything. And, you know, and so apparently that was the end of her inquiry into the documents that might have substantiated his claim. I see that she did say she filed it September 9th. And then she says she filed it this morning on October 29th. Do we file it twice or did she misspeak? There's no second certificate in this record. The only record, the only certificate we have in this record is the one that filed on September 9th, 2021. And that is the facially invalid certificate that cites the first stage standard rather than the second stage standard. And going on from October 29th, it doesn't get better from there. Counsel filed no response to the state's motion to dismiss. And that is a motion, mind you, that flagged for counsel the absence of any necessary supporting documentation that may have substantiated the defendant's claim that plea counsel failed to investigate. Would you say as a matter of law that an Illinois counsel should respond to a motion to dismiss? Your Honor, I think that while I would see why there would be many reasons why Your Honors or any judge would not require counsel to file a written response, I think it would be a best practice and certainly at the hearing on the motion to dismiss, I think it's almost per se or prima facie evidence of unreasonable assistance if counsel fails to mount any argument in service of the defendant's petition. And that's exactly what happened here. And your support for that is, I mean, for example, in an appellate case, if you don't respond to an argument made by the other side, we can assume that you don't have any opposition to it. Exactly. I think that that, you know, and I can't cite a case offhand indicating that that is the law. But if I were making the law, I certainly would expect a member of the defense bar to do other do something beyond showing up and saying she said is I'm going to rest on the pleadings I submitted thus far. And she had, in fact, submitted no pleadings at all. Besides the facially deficient 651C. She offered no resistance to the state's motion to dismiss. She provided no argument in favor of the defendant's claims and the defendant wasn't present himself at the hearing. That's something that might be necessary to address. Do we know exactly why he wasn't present? You know, I take it as a given over the 13 years I've been practicing in this area, I have very rarely seen a defendant rated in for a second stage hearing. It's usually reserved for a third stage hearing if it survives that long when the defendant actually may be rated in for unless he's going pro se. Is there a reason for that? I mean, that's a practice you're saying. Right. What's the reason? Because like in this case, he could have might have been helpful. Maybe not. Maybe, but it's his case. And usually defendants are supposed to be present at all the hearings. You're right, Your Honor. I mean, again, if I'm making the law and you're in a position to make the law, Your Honor, I would urge Your Honor to consider that that may be another best practice or something that avoids this type of situation where we're left with a pro se petitioner who's done his level best from prison to file a petition. And he ends up with an attorney who is not going to do anything for him. And in that case, it probably would have been at least it would have provided some recognition that he too is involved in this case if he had been rated in, even if he couldn't mount an argument on his own behalf. Do you think she had an obligation to withdraw? I don't believe that she had an obligation to withdraw because she didn't indicate such. And I'm going to take counsel at the point of counsel below at her word or, you know, I'm not going to read into her or her into her conduct or read into her mind that she did not believe this petition had any arguable merit. But I think it might have had arguable merit if she could have done her job and looked for those substantiating documents. Now, I do not submit that I know or anyone here knows whether those documents exist. But that is up to the lawyer who is outside of prison, who has conceivable access to a witness who may have the phone, who may or log into his email account and check whether these emails still exist. These text messages, the phone logs issue a subpoena. Perhaps I know it's work, but everyone here has to do work and it's not asking too much for a lawyer to do a respectable investigation into a claim of ineffective assistance accounts. Now, the state, for its part, urges this court to find that the mere act of filing a 651C certificate, regardless of the representation that are made or not made in it, is enough to trigger the presumption of compliance. But that position bends substantial compliance to the breaking point. While allowing that a 651C certificate need not mirror the exact language of the rule in order to trigger the presumption, it nevertheless must provide some basis from which to conclude that the attorney, using her professional judgment, meaningfully assessed the necessity of amending the petition. Here, you just don't have that. You have a certificate that reaches back in time, setting an inapposite first stage standard to justify doing nothing for the pro se petition. You cited an additional authority, I think it's that way pronounced, recently by the Supreme Court. I'd like to ask you, I'm going to ask you about their position on this case. Well, Your Honor, this helps me, because counsel at the second stage doesn't just have to abide by Rule 651C. All lawyers, when they step into the courtroom or file something with the court, are also governed by the rules of professional conduct. And Urzula, citing to Greer and to the Illinois rules of professional conduct, and Rule 137, I believe, pardon me, discusses the obligation of counsel to withdraw when counsel concludes that there are no issues of argument. So even if we make the leap that counsel here looked at this petition, even if we are, even if we make the leap that she did what she was supposed to do and look for these documents and couldn't find them or found the documents and they rebutted the claims made in the pro se petition, even if we assume all that happened, then at that point, she was duty bound to withdraw. She could not stand on a petition that she knew or believed was frivolous. That is plainly barred by Urzula and in its reading of Greer. So even if we make the leap that counsel thought this was frivolous, then she was duty bound to withdraw. Because she didn't withdraw, as you said before, she believed it had merit, yet she didn't do anything. Most judges in this situation would probably say, well, you haven't given me anything in response to the motion to dismiss. What is it that she gave him in response to the motion to dismiss other than the 651? Your Honor, and to point of fact, you know, the state's motion to dismiss raises some good, good arguments and counter arguments to the pro se petition. But it also raises some arguments that that were easily defeatable. For instance, the state argued in this motion to dismiss that the petition was untimely because the court lacked jurisdiction over the guilty plea. Well, that plainly isn't the law. The state also argued that the petition, the allegations of the petition were rebutted by the guilty plea proceedings and the admonishments and answers given by the defendant in the guilty plea. Well, under People v. Robinson, that's plainly not the type of unequivocal rebuttal of facts that would foreclose any fact finder from believing the contents of the pro se petition. So there was a wealth that counsel could have done here, and she did nothing. And that amounts to unreasonable assistance of counsel. And before you even get to what she did or didn't do, you can end the inquiry at the certificate. The certificate itself was invalid. So this needs to be sent back for further second stage proceedings with the appointment of new counsel. If there are any other questions, I'd be happy to field them now. Thank you. My name is Celeste Billings on behalf of the people of the state of Illinois. In this case, the certification did comply with Rule 651C. And the presumption is that she fulfilled her duties under the rule. In this case, when it came to the certificate, post-conviction counsel certified that she did more than what was required by the rule. She certified that she reviewed the trial file with the public defender, the court file, and the laws pertaining to aggravated criminal sexual assault. And obtained and examined the transcript of defendant's plea and sentencing and stated that it set forth defendant's claims as a violation of due process and constitutional rights. The omission of the word adequately in the petition does not equate to first stage standards. And so arguing, defendant disregards the large majority of the entire 651C certificate detailing all of the other actions that she took. With regard to the specific issue here, having to do with those emails that he could not get, and her saying, well, I didn't get them from him. And I mean, all she did was file that certificate. She made no other arguments, she did nothing else. I mean, yes, she says she did all the things you say she says she did, she was supposed to do. Of course, if she didn't do that, we wouldn't even be here. But what she needed to do, you know, the presumption can be rebutted if we see that she didn't do what she really needed to do in this case. And so in this case, what did she do to assist in the second stage? Well, regarding her inability to procure the documents, she did not, there's nothing showing that she did nothing. What she stated was, I will quote, I did explain to him what I was doing as well as sending him a letter to submit that. However, I haven't received anything to support some of the claims that he had in his position. She is saying that she didn't say receive anything to support his claim. She is not saying that she didn't get any information. And here, defendant argues that she should have done more to obtain the necessary documentation. Although the brief is silent as to what specifically should have been done or who should have been contacted. Defendant doesn't state any names or points of contact that Post-Conviction Counsel failed to reach and provides no other specifics pertaining to what he should have done. Given the nature of the case, Post-Conviction Counsel contacting the defendant for such information would have been the most reasonable step to take. This case was about defendant's penetration of a 14-year-old child. So in the petition, defendant... But still, all we have heard with regard to a motion to dismiss is her standing on the 651, period, end of story. How is that represented? Do you agree with the defense counsel that she thought there was some merit to the claim? There is nothing on the record to support the fact that she found the claim to be non-meritorious. She stated that she did attempt to get the documents. And where the certificate is facially valid, we have a presumption of reasonable assistance, which needs to be rebutted by the defendant. If the defendant does not specifically state what could have been done, if it is silent as to how these documents could have been procured, he has not rebutted the presumption. Counsel stated that he was in jail and perhaps he couldn't have provided his cell phone. Defendant needed to merely provide his credentials to counsel so that she could go on to any computer, any account, and get these documents that he says exist. Counsel assumes that these documents exist, and if they exist, that they said something or did something to benefit defendant. And that may not be the case at all. Your point is, we don't know if they exist or not. And isn't that something that we should have been told? The fact is that she doesn't explain that, and that's what they're complaining about. And you have this motion to dismiss, and there's some meritorious, whether you agree or not, there may be some meritorious arguments that could have been made and some not. But there was no response orally or in writing, and she stood mute. She didn't rely on anything but the 651 to a motion to dismiss. I mean, I don't think the state's attorney doesn't do that. If the foot was on the other side, you'd stand mute and don't respond? Nothing in writing, nothing orally. What happens in that case? Isn't that a problem? We need to keep going back to what the rule requires, and the rule does not require that counsel responds. And if we're looking at the record being silent, if the record doesn't indicate what steps counsel took to locate the information, precisely because she filed a 651C petition that was facially valid, she's entitled to that presumption unless defendant has rebutted it. Well, I think part of the problem is you're assuming it's facially valid, and maybe it isn't because of how she responded at the end with regard to what happened and why she was unable to do anything. I mean, isn't that the question before us? But there's no requirement that counsel recounts her steps to state exactly what she did to try and get the documents. She'll recount her steps, but in this case, under these circumstances, the key to his claims was something that he didn't have access to. And we don't know anything about that. He needed to provide her with some direction as to where these things would come from. We don't know, and he wasn't in court. I mean, I find that problematic that he wasn't in court where he might have been helpful to this hearing. Incorrect, and as counsel stated, that doesn't seem to be an uncommon practice, but also... That doesn't make it... the fact that it's not done, that's a different issue. Whether it's appropriate or not. Correct. I mean, are you aware of any other situations where, as a practice, defendants aren't brought before court at a certain type of hearing? No, I couldn't speak to that. But that, again, is not... You don't know? Because you don't know or because you don't... there aren't any. Because I don't... I'm sure there are. I can't tell you what they are right now. Well, you don't know if there are or not. That's what you're saying. Right. But in this particular case, we have what is required. And, again, it is not... counsel is not required to go through the steps that she took, particularly when she could have received information that was perhaps detrimental to the defendant's case. We don't exactly know why she didn't say what she did do to get the documents. But she does have that presumption of reasonable assistance filed by a facially valid 651C, which, again, does not require her to recount her steps that she took on behalf of defendant. So, again, to rebut this presumption, the defendant should have stated in his brief, it is his burden to rebut the presumption, what actions counsel failed to take. He did not, and he has therefore not rebutted the presumption. And even Verzua states that a trial court ruling upon a motion to dismiss a petition not supported by affidavits or other documentation may presume that post-conviction counsel made a concerted effort to obtain the affidavits in support of the claims, but was unable to do so unless the presumption is flatly contradicted by the record. In here, it is not flatly contradicted by the record. There's no indication from defendant that he should have talked to XYZ witness or gone to this particular place to find this information that he says spoke to the nature of their relationship being a consensual one. Where defendant would have been the most obvious person to go for that information, not necessarily for the cell phone itself, but for the information, the credentials, which would have allowed her to get into an account where these emails were supposed to have been. I'm confused. I understand it because she did not withdraw. Therefore, she believed that there must have been something meritorious. Otherwise, she had an obligation to withdraw. Do you agree with that? There's nothing in the record. But I know that since there's nothing in the record to show that she didn't, she must have believed there was something meritorious. Otherwise, under Ursula, she would have had to withdraw. Right. If she thought it was frivolous, she had an obligation to withdraw. So she didn't. Right. So she must have thought there was something meritorious here. That's always been the state's position is that the record didn't show that there was that she stated or show that she felt that the claims didn't have merit, particularly since she went attempting to get the documentation in support of those claims and in taking counsel at her word. She did attempt to get the documents that would have helped him. She may have gotten some documents. Those documents may have may not have helped him. You know, putting something on the record that didn't help the defendant could be detrimental to his case, and that could be a reason that, you know, little was said on this. But again, there's nothing to show that the certificate was facially invalid. So she's entitled to that presumption. In this particular case, what's happening is that instead of post-conviction counsel by defendant being afforded the presumption of reasonable assistance, counsel assumes that it was possible for her to obtain the supporting documents or that they still exist. And therefore, the presumption on the part of defendant is that counsel's performance was now unreasonable. Her concise statement that she was unable to obtain the documents to support defendant's claims speaks for what it is, that she was not able to get those. Didn't say that she didn't get any documents, but that she didn't get any that supported defendant's claims. And merely because she wasn't able to get those documents doesn't necessarily mean at all that she believed the claims lacked merit, and there's nothing in the record that indicates as much. Does she have a obligation under Illinois law if she stands in the allegations in the pro se petition to inform the court of the reasons the petition was not amended? Yes, she needs to let the court know why the petition was not amended. In this particular case, she did just that. She said that she was not able to get the documents to support defendant's claims. So she did post-conviction counsel in this case did what was required by the law. And again, Greer states that the inability of post-conviction counsel to properly support defendant's claims is not the standard by which one should judge the viability of post-conviction claims. And so there's no support for the fact that she thought this particular case was meritless. I know defendant in his brief sites to People v. Johnson where it was found that defendant received the unreasonable assistance of counsel because counsel didn't try to contact specific witnesses that were named. In this particular case, we don't have any specific witnesses that were named for counsel to have contacted or any particular place that counsel should have looked for this information. We're talking about his claim that he had ineffective assistance at the trial from his trial counsel. We would not get the emails and text messages, which would be closer in time to the events that he was being tried for. And the same post-conviction counsel was ineffective because she did not find out from the trial counsel why the trial counsel didn't do that. And I'm so curious about that. I have nothing in this record that tells me she said she talked to the trial counsel, but did she ask him? Hey, why didn't you get those emails? Why didn't you get those texts? Why didn't you get those pictures? The defendant was right there with you. You stole his cell phone. You could have gotten him. I have nothing here that tells me that she asked him, what happened to that stuff? Did you get it? Why didn't you get it? Well, again, that would be a specific recounting, which is not required. There's no record. Correct. The record is silent as to what conversation was had with defense counsel. But again, I think we need to look at what is required. And the specific recounting of the efforts or a conversation that she would have had with trial counsel is simply not required under the rules. Well, he can't have an affidavit from his trial counsel that the trial counsel screwed up. We know that's not going to happen. So why didn't she get one? I'm sorry, I didn't hear the last question. The defendant is unlikely to be able to get his trial counsel to say, oh, man, I really screwed up. I should have gotten that stuff. But there's nothing that stops the post-conviction petition counsel from going to the trial counsel and getting an affidavit about what happened with that evidence. And she didn't. Correct. She did not do that. Well, I'm sorry, I'm not going to say she didn't do that. I'm going to say the certificate does not state, doesn't say what she did or she didn't do in this case. We don't have an affidavit from the trial counsel, so she must not have gotten it. Correct. Yes, that is correct. But that is not necessarily something that would have helped defendant's case. That would be speculative to say that that we're missing something, that we're missing a document from trial counsel with an affidavit that says what he did or didn't try to do. And I think, you know, the state brought up a good point in the court below was that was defendant had representative himself for a few months on this, and he wasn't able to bring this documentation forward either. The rule does not require counsel to state what she did or didn't do specifically in a detailed way. She does need to let the court know why it wasn't amended. And that's exactly what she did in this case. She said that she was not able to get any documentation to support defendant's claims. There doesn't necessarily. It wouldn't necessarily be appropriate to assume that she didn't make any efforts to do that. Any other questions? Nope. Well, it is for these reasons in the people's and the reason statement, people's brief, we would ask you to affirm the trial court's ruling. Thank you, Your Honor. Just a few responses. Opposing counsel just stated stated that the certificate in this case did more than was required under Rule 651 C. The excess in the certificate does not shore up the deficiency with respect to the third requirement of Rule 651 C. The absent counsel just said the absence of the word adequately doesn't make a difference. But that isn't the only problem. It's not just that the word adequately or sufficiently or properly was not put into the certificate. It's that the certificate cites the wrong legal standard to justify doing nothing for a client who's in prison and acting up to that point pro se. Does that signal substantial compliance? I submit no. Nevertheless, the state's whole position rests on the notion that the certificate here was facially valid. And that's for this court to decide. Your Honors can look at this certificate and decide, does this do enough to satisfy Rule 651 C? We submit it does not. Counsel just argued there was nothing showing that counsel below did nothing. That's cold comfort, particularly in light of the fact that the certificate here failed to certify that she made a reason judgment as to whether the petition needed to be amended or not. And in response to counsel's assertion, we do not assume the documents in question exist. We do not assume that the text messages or emails exist. We submit that if counsel had done something to create a record or done anything to indicate which claims she was attempting to advance on the defendant's behalf, we wouldn't be here. If the documents didn't exist after a search, then counsel was free to withdraw. And withdrawing avoids situations like this, where, owing to counsel's none of the above approach, we're left guessing at what steps, if any, she took to shore up the pro se petition. And counsel just stated there's nothing in the petition showing that the defendant was pointing to specific documents. That's not true. The petition is very clear. It points to his own cell phone emails, texts and phone logs on that cell phone that could have substantiated his claim. What's your response to her characterization as a good argument that he represented himself for a few months? When the defendant, during the pendency of his trial or guilty plea, went pro se for a matter of months, he was in jail. He was in the exact same predicament as he is in now, or appreciably, effectively the same predicament. He did not have access to his cell phone or a computer where he could log in to his email and get these documents. So he was up a creek without a paddle then. As he is now, he needed help from someone. Excuse me, but couldn't he have asked the court to subpoena? He had the power to subpoena things. I mean. Yes, yes, Your Honor. I suppose he could have, but here we are. He could have, in his capacity of representing himself, filed documents and asked for things to be provided to him to make discovery requests. If he's representing himself, he has the ability to do all that, doesn't he? You're right, Your Honor. He does. The problem is that he clearly, or I shouldn't say he clearly. I understand he's not a lawyer, and so he probably doesn't know what he's doing. But the fact of the matter is you kind of take on that risk when you represent yourself, right? Absolutely. But he also went back to counsel because he was in over his head. He went back to the plea counsel, the same lawyer who had originally represented him, because he didn't know what he was doing. And he didn't know how to file a subpoena. There's not evidence in the guilty plea record that he knew how to do that. He was clearly incapable of doing a good job, and he was wise enough to go back. I think on that point we can all agree. So that would be my response to Your Honor's question, that he was in no better situation to get that cell phone and what was on it when he was representing himself pro se below. Counsel just said that the PC counsel, or post commission counsel, did have to explain why she didn't file an amended petition, and that the reason was because she didn't receive any supporting documents. Again, the certificate in this case was filed long before she stated that she did not receive any supporting documents from the defendant. And the certificate states the specific reason why she didn't file an amended petition. It's because the petition, quote, sets forth his claims of constitutional violation. That's the first-stage standard, not the second-stage standard. With that, I'll wrap up. If Your Honors have any further questions, I'm happy to field them now. Thank you very much. Well, thank you both for your excellent briefs and excellent argument. I'll take this matter into consideration. Under an order, our opinion forthwith, this court is adjourned. Thank you. Thank you.